R. L. COLEMAN, ET AL., *v.* MOSES HESS, ET AL.

**Devisee's Liability for Testator's Debts.**

Devisees, receiving by way of advancements, can only be required by a creditor of the devisor to pay what was received under the will after the death of the testator. What is given as advancements prior to the testator's death cannot be included in the estimate in order to fix the extent of the devisee's liability.

APPEAL FROM WARREN CIRCUIT COURT.

March 18, 1880.

OPINION BY JUDGE PRYOR:

No affidavit or demand was necessary to be made against the devisees, and if a demand had been necessary it is too late to make the objection for the first time in this court. Nor was it necessary that a settlement should have been had of the estate of Coleman in order to ascertain the liability of each devisee, but it was necessary before a joint judgment could be rendered against the devisees to show that each devisee has received a sum sufficient by way of devise to pay off this debt. It is neither alleged in the petition nor shown by the proof that such was the case. It is alleged that the two devisees received each $——, which, together with their interests in the real estate, is amply sufficient to pay the debt. It is nowhere alleged that they each received a sum sufficient for that purpose, and therefore a joint judgment was improper.

Besides, the devisee, receiving by way of advancements, so far as the creditor is concerned, can only be made to pay what was received under the will after the death of the testator. The devisee is being pursued for the debt of the devisor by reason of having received assets devised. What was given prior to the death of the devisor cannot be included in the estimate in order to fix the extent of the devisee's liability. The record does not show that the obligors were released by the execution of another bond. It does not appear on whose motion or at whose instance the last bond was executed, and it seems not to have been given at the instance of the sureties on the first bond. The only question in this case is as to the extent of the assets received by the devisees, and it does not clearly appear that a joint judgment could have been rendered for the reason already indicated.

., Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*J. W. & George R. Gorin, for appellants.*

*J. H. Rose, for appellees.*

